{¶ 180} I respectfully dissent from the majority opinion.
 {¶ 181} The statements by the victim in this case were clearly testimonial in nature. Testimonial statements of witnesses at trial are admitted only when the *Page 30 
declarant is unavailable and defendant's counsel has had prior opportunity to cross-examine. Crawford v. Washington (2004),541 U.S. 36.
 {¶ 182} The state in the case before us on appeal, cannot admit the statements from a child unless it can produce the child for cross-examination. The state cannot substitute nurses and sex abuse social workers whose main purpose is to gather evidence for the prosecution in lieu of the victim's testimony. The statements made by the child to her parents clearly were admissible as excited utterances. But the testimony of Nurse Johnson of the Child Advocacy Center is not. It is clear that the primary purpose of the child's examination was not medical but evidentiary in nature. Johnson's role was clearly not for diagnostic purposes but to gather evidence and testimony for the state's prosecution of the perpetrator. These testimonial statements offered for the proof of the matter asserted deny the defendant his right to confront his accuser, the alleged victim in the case, i.e., the child. The statements of surrogates (absent some exception) do not negate the need for the child/victim to testify or the right of the defendant to confront his accuser.
 {¶ 183} "Where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is * * * confrontation." Crawford at 68-69. The majority argues some exception in the rules of evidence should substitute for a defendant's right to confront his accuser. Justice Scalia, speaking for the Crawford
majority, held the opposite. "Leaving the regulation of out-of-court statements to the law of evidence would render the ConfrontationClause powerless to prevent even the most flagrant inquisitorial practices." Crawford at 51. (Emphasis sic.) "An accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not." Id. In the case *Page 31 
before us, the accuser is the child, not the nurse, who was called as a witness surrogate for the victim.
 {¶ 184} The fact that Officer Francis set up the appointment for appellant's parents to bring her to the child advocacy center and gave them instructions as to how to treat her before going there, indicates the state's intent, and shows that all of the adults involved understood the reason for the interview. This was clearly not medically necessary.
 {¶ 185} A six-year-old child is presumably incompetent. How can statements from an incompetent witness be rendered reliable through repetition by an adult? The statements are only as reliable as the declarant from whom they are spoken. The jury should be allowed to assess the credibility of that witness/victim and the judge should attempt to assess the child's competency. The child advocacy center is an effective organization whose purpose is to assist and advocate on behalf of children who are victims of crimes. Children comprise society's most vulnerable population. The influence they have upon the interview of a child in eliciting statements and the methodology used can and will affect the content and reliability of those statements by children. The methodology of interviewing young children and the reliability of those statements have been the subject of much controversy in the literature.
 {¶ 186} The state clearly had enough legitimate evidence prior to placing Nurse Johnson on the stand. By allowing the testimony of Johnson, they compromised the defendant's right to a fair trial. The temptation for overkill by the state clearly compromised the integrity of the process. The concept of a fair trial, one in which defendant as well as the jury should have the ability to judge the veracity and reliability of the declarant's statements, is essential to our system of justice. There are reliable *Page 32 
ways in which the integrity of the process is maintained with due regard for the fragile testimony of a child victim. The rules provide for in-camera proceedings, or videotape testimony, both of which would insure due respect for the victim as well as a fair trial for the accused. None were employed here.
 {¶ 187} Accordingly, I dissent. *Page 1